UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

HOPETON FRANCIS,

        Plaintiff,

  - against -

CITY OF NEW YORK, WARDEN
BAILEY; OFFICER FLOWERS;
OFFICER ANTOINEE; and
INVESTIGATOR PAGAN #10254,

        Defendants.

------------------------------------------------------- X

OPINION AND ORDER

09 Civ. 2103 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

I.    **INTRODUCTION AND BACKGROUND**

        Hopeton Francis has sued the City of New York, Warden Baily of the George Motchan Detention Center at Riker's Island, two corrections officers, and a Department of Corrections investigator, alleging violations of Section 1983 of Title 42 of the United States Code. According to the Second Amended Complaint, Francis had been placed in protective custody pursuant to a court order.[1] Despite the order, corrections officers failed to keep Francis segregated from the general

---

[1]    *See* Second Amended Complaint ("2d Am. Complaint") at 2, 8.

1

prison population, and on November 24, 2008, they placed him in a general holding pen prior to a court appearance.[2] At approximately 6:30 a.m., another inmate in the pen attacked Francis with a razor, slashing Francis's face twice.[3]

Francis successfully served the City of New York and Warden Bailey with a summons and a copy of his Second Amended Complaint on July 2, 2009. Francis attempted to serve the other three named defendants but has not yet successfully done so. On July 27, the Court received a letter from an Assistant Corporation Counsel in the office of the City of New York Law Department dated July 24 on behalf of the City and Warden Bailey, requesting a sixty-day enlargement of time – until September 21, 2009 – to respond to the Second Amended Complaint.[4] The letter asserts two grounds for the request. *First*, the City claims that it requires additional time under Rule 11 of the Federal Rules of Civil Procedure to investigate the allegations of the Complaint. *Second*, the City asserts that an extension would allow it to determine – pursuant to Section 50-k of the New York General Municipal Law – whether it may represent individually

---

[2] *See id.* at 8, 11-15.

[3] *See id.* at 3, 12.

[4] *See* 7/24/09 Letter from Kathleen E. Naughton ("Def. Let."), counsel for defendants, to the Court.

named defendants, on the assumption that all individual defendants will be served during the period of the extension. For the reasons outlined below, the City's request is denied.

## II.   APPLICABLE LAW

### A.   The Federal Rules and Response to a Complaint

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."[5] Unless a defendant has waived service, most defendants "must serve an answer within 20 days after being served with the summons and complaint."[6] "The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer . . . within 60 days after service on the United States attorney."[7]

### B.   The Municipal Duty to Defend Employees

Under the New York General Municipal Law,

---

[5]   Fed. R. Civ. P. 1.

[6]   Fed. R. Civ. P. 12(a)(1)(A)(i).

[7]   Fed. R. Civ. P. 12(a)(2).

> At the request of the employee . . . the city shall provide for the defense of an employee of any agency in any civil action or proceeding . . . arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.[8]

This duty to defend employees is conditioned on "delivery to the corporation counsel . . . of the original or a copy of any summons, complaint, process, notice, demand or pleading within ten days after he[ or she] is served."[9]

## III.  DISCUSSION

In nearly every case brought in this Court against the City of New York, this Court receives a letter from the New York City Law Department within a few days of the City's deadline to respond to the complaint. The letters are nearly identical. Each requests a sixty-day enlargement of time to move or answer. Each asserts that the office requires additional time to investigate the allegations prior to answering.[10] Each claims that the City must determine whether it can represent individual employee defendants, citing the same 1985 decision of

---

[8]   N.Y. Gen. Mun. L. § 50-k(2).

[9]   *Id.* § 50-k(4).

[10]  *See, e.g.*, Def. Let. at 1 (citing Fed. R. Civ. P. 11).

the Second Circuit.[11] Each then asserts that *after* the City determines whether there is a conflict, individual defendants must decide whether they wish to be represented by the Law Department, citing the same 1984 decision of the Second Circuit.[12]

The City handles a tremendous amount of litigation.[13] Although the Court is sympathetic to the diligent work of the New York City Law Department, the City does not have special procedural rights in federal court. "Like any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure."[14] Through years of acquiescence, this Court has created a de facto local rule allowing the City to respond to a complaint within eighty days. The City is entitled to no such default rule.

---

[11] *See, e.g., id.* at 2 (citing *Mercurio v. City of New York*, 758 F.2d 862, 864-65 (2d Cir. 1985) (describing limitations on the City's ability to represent employees who have violated agency rules or who are currently subject to disciplinary proceedings (citing N.Y. Gen. Mun. Law § 50-k(2), (5)).

[12] *See, e.g., id.* (citing *Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir. 1984) (noting the possibility of a conflict of interest between a municipality and an individual defendant)).

[13] *See* John P. Avlon, *Sue City*, Forbes.com, July 14, 2009, http://www.forbes.com/2009/07/14/new-york-city-tort-tax-opinions-contributors-john-p-avlon.html ("New York City spends more money on lawsuits than the next five largest American cities – Los Angeles, Chicago, Houston, Phoenix and Philadelphia – combined.").

[14] *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (2009).

Rule 12's twenty-day response period was not set thoughtlessly.[15] This time period balances a defendant's need to investigate its conduct and the conduct of its agents against a plaintiff's right to a just and speedy resolution. In many cases, plaintiffs face hardship pending resolution of their claims: loss of a job, lack of money to pay bills, or continued deprivation of constitution rights. On the other side of the equation, many large corporate defendants face the same hardships borne by the City: the need for internal investigation, inquiry into possible conflicts of interest, and determination whether employees wish to be represented by the corporation's chosen counsel. These companies defend themselves in litigation without the aid of an automatic enlargement of time. Thus no general rationale justifies the uniform extension sought by the City in this and so many other cases.

Furthermore, the requirements of the General Municipal Law demonstrate that the City does not need additional time to wait for employees to decide whether they wish to receive representation from the Law Department. An employee must determine whether or not he or she wishes to be represented by the City within ten days of service. Therefore this decision will never require an

---

[15] *See* Fed. R. Civ. P. 12, 1937 Advisory Committee Note (noting the contrast with the 60-day period permitted for the federal government).

extension of the time needed to respond to a complaint. Moreover, as the City must investigate the facts of a case in order to respond to the complaint, there is no need for the City to even wait until it has received a request for representation in order to determine the facts necessary to establish whether there is a conflict of interest with its employees.

The case at bar is particularly egregious. The City did not bother to draft a letter until two days after its answer was due. Moreover, the Court did not receive that letter until the next Monday, five days after the City's answer was due. This plainly reflects the City's belief that it is entitled to an extension and that its requests will always be granted. Nor has the City reacted to the fact that this Court did not immediately grant the extension, assuming that the Court would eventually grant an extension, *nunc pro tunc*. In effect the City's behavior demonstrates that it believes it has eighty days to respond to a complaint in every case. That is of course not the case.

Moreover, the City has had notice of Francis's claim for over six months. Francis first filed a grievance in the facility in which he was being held.[16] The facility denied review on jurisdictional grounds and instructed Francis to call the New York City Inspector General's office. Francis called that office on

---

[16] *See* 2d Am. Complaint at 4.

December 15, 2008, and he was told that the incident would be investigated.[17] Although the City did not have advanced notice of forthcoming litigation, the City had assured the victim of a brutal assault that it would investigate, six months before it was served with Francis's Second Amended Complaint.[18] The City cannot now reasonably request an additional sixty days to investigate this same incident.

Finally, the City does not need to determine whether it will represent Flowers, Antoinee, or Pagan at this time. None of those defendants has yet been served, nor have they requested representation from the City. There is therefore no need to investigate potential conflicts of interest before the Law Department can submit an answer or a motion to dismiss of behalf of the City and Warden Bailey. Should Francis succeed in serving the other defendants, the City will have twenty days from that point to conduct the necessary inquiry or may request an extension if needed.

---

[17] *See id.* at 4-5.

[18] *Cf. Zeitler v. City of Rochester*, 302 N.Y.S.2d 207, 208 (4th Dep't 1969) (finding service of a notice of claim on an agent of a municipality with whom the City was "united in interest" to provide timely notice to the municipality).

There may be some cases in which the City has a specific need for an extension of time to move or answer. This is not such a case. Without particularized grounds for an enlargement of time to respond to the Complaint, there is no reason to grant the City the extension it requests.

## IV. CONCLUSION

The City's request for a sixty-day enlargement of time to respond to the Amended Complaint is hereby denied. The City has already missed its deadline to respond. Nonetheless, given this Circuit's "preference for resolving disputes on the merits,"[19] I will – with some reluctance – permit the City to answer by August 7, 2009. If the City fails to answer by that date, it will be in default.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
July 31, 2009

---

[19] *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

## - Appearances -

**Plaintiff (Pro Se):**

Hopeton Francis
No. 08A6702
Mid State Correctional Facility
P.O. Box 216
Marcy, New York 13403

**For Defendants:**

Kathleen E. Naughton
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-9567